SRM

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Mark Ira Tannenbaum,**
Plaintiff
-vs-
**State of Arizona, et al.,**
Defendant(s)

CV-05-1422-PHX-JAT (JI)

**REPORT & RECOMMENDATION REGARDING SCREENING OF COMPLAINT**

## I. NATURE OF THE CASE

This matter arises out of a complaint by Plaintiff, presently incarcerated in the Arizona State Prison in Buckeye, Arizona, alleging a variety of injuries incurred while a prisoner.

## II. MATTER UNDER CONSIDERATION

Prior to service of an answer or other responsive pleading, Plaintiff filed a "First Amended Complaint" as of right pursuant to Fed.R.Civ.P. 15(a). The Court is required to screen that complaint pursuant to 28 U.S.C. § 1915A(a).

This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of some of Plaintiff's claims. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

## III. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Original Complaint

Plaintiff's original Complaint was filed May 13, 2005 (#1). Plaintiff named as Defendants (1) Dora Schriro, Director for the Arizona Department of Corrections (DOC), (2) the medical director for the DOC, (3) the Complex Warden at Florence Complex, (4) Gene M. Greeley, F.H.C.M. II at the Florence Complex, (5) Gary Pinkstaff, ex-F.H.C.M. II at the

Florence Complex, (6) Stephan Gal, Deputy Warden at the Florence East Unit, (7) McWilliams, Ex-Deputy Warden at the Florence East Unit, (8) Dr. Quirino Valeros, a Doctor at the Florence East Unit, (9) Berry, a correctional officer, and (10) Chavez, a correctional officer.

Plaintiff's original Complaint asserted the following causes of action:

1. **Count I** - Plaintiff alleged that his rights under the Americans with Disability Act (ADA) and the Eighth Amendment were violated when the medical unit at the Florence East Unit refused him treatment. In particular, Plaintiff allegedly is suffering from soft tissue damage to his knees. However, Defendant Valeros never examined his knee, yet rendered a diagnosis. Plaintiff alleged he continues to suffer pain, and the medical staff has not tried to relieve the pain and has not referred him to an orthopedic specialist. Moreover, the medical staff took away his extra pillow and mattress, resulted in additional pain.

2. **Count II** - Plaintiff alleged that his rights under the ADA and the Eighth Amendment were violated because "medical" confiscated his knee immobilizers, determining that the immobilizers were a security risks. The medical staff then provided him braces, which are not as effective as the immobilizers. As a result, Plaintiff alleged he suffers constant pain.

3. **Count III** - Plaintiff alleged that his rights under the ADA and the Eighth Amendment were violated because his wheelchair broke, and the DOC refused to repair it. Plaintiff acknowledged that the DOC has attempted to have the chair fixed, but that the repairman did not have the necessary parts. As a result, it has taken longer than necessary to do the repairs and Plaintiff has little mobility.

4. **Count IV** - Plaintiff alleged that his rights under the ADA and the Eighth Amendment were violated because Defendant Valeros, in attempting to treat a skin condition, insisted that Plaintiff suffered from infected hair follicles. Even after Plaintiff underwent a biopsy, he was treated with antibiotics for over eight months which were not effective and damaged his stomach. Plaintiff alleges that

- 2 -

the biopsy demonstrated that he suffered from infected fungal cysts. However, Defendant Valeros and the DOC have refused to send Plaintiff to a dermatologist so that he could receive proper treatment.

5. **Count V** - Plaintiff alleged that his constitutional rights were violated because Defendants Schriro and the medical director have not timely responded to his grievances. Plaintiff alleged that Defendants Schrivo and the medical director have not abided by department policy regarding the time in which they are required to respond to inmate grievances. As a result, Plaintiff suffers from "more pain."

Plaintiff sought monetary relief, to have Defendant Valeros' medical license revoked, and to be released from custody "so he can get qualified medical attention."

**Dismissed Defendants** - In the initial Screening Order entered October 5, 2005 (#3), the Court found that Plaintiff failed to allege any specific conduct as to (1) the Complex Warden, (2) Greeley, (3) Pinkstaff, (4) Gal, (5) McWilliams, (6) Berry, and (7) Chavez. Accordingly, those Defendants were dismissed without prejudice.  In addition, because after screening no claim remained against Defendant Schriro, this defendant was dismissed as well, leaving only Defendant Valeros in the action.

**Dismissed Claims** - The Court also dismissed without prejudice for failure to state a claim: (1) Plaintiff's claims based upon Defendants Schriro and the medical director's failure to timely respond to his grievances; (2) Plaintiff's request for relief in the form of release from prison so that he can seek proper medical attention and to have Defendant Valeros' medical license revoked. Accordingly, Counts II, III, and V were dismissed without prejudice.

**Claims Required to Be Answered** - Defendant Valeros was ordered served and directed to respond to Plaintiff's claims that he was deliberately indifferent to Plaintiff's medical needs in regards to (1) Plaintiff's knee injuries as described in Count I, and (2) Plaintiff's skin problems as described in Count IV.

**B. First Amended Complaint**

- 3 -

On December 9, 2005, following the issuance of the Court's service Order, Plaintiff filed his First Amended Complaint (#8).

## V. APPLICABLE OF LAW TO FACTS

### A.  SCREENING OF § 1983 COMPLAINTS

28 U.S.C. § 1915A requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* 42 U.S.C. § 1997 applies the same standard to such complaints even if the defendants are not governmental entities, or officers or employees of a governmental entity.  The court must also dismiss such complaints or portions thereof if Plaintiff fails to exhaust any administrative remedy available to him. *Id.*

In screening complaints, however, the Court is obliged to liberally construe factual allegations of the Plaintiff's complaint:

> The handwritten pro se document is to be liberally construed. . . . [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  However, the Court "may not supply essential elements of the claim," *Bruns v. National Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir. 1997).

**Parties** - In his First Amended Complaint, Plaintiff names the same ten defendants as named in his original Complaint.  Plaintiff also lists "State of Arizona" and the "Arizona Department of Corrections" in his caption and in the body of his claims, but he does not list either as a Defendant in his list of parties.[1]  Also, Plaintiff continues to allege various actions

---

[1] Even if listed, the State of Arizona would be immune from suit under the Eleventh Amendment, *Production & Leasing, Ltd. v. Hotel Conquistador, Inc.,* 709 F.2d 21 (9th Cir. 1983), and would not qualify as a "person," *Arizonans*

- 4 -

by "the medical unit", but does not identify this entity as a party. Plaintiff similarly listed the State of Arizona and the Arizona Department of Corrections in the caption of his original Complaint, and ascribed various conduct to the "medical unit," and the Court did not acknowledge any of them as a defendant. Accordingly, the Court construes Plaintiff's continued omission of these parties from the list of defendants in the First Amended Complaint as intending to omit these entities as a defendant in the action.

Plaintiff sues each Defendant in their individual and official capacities, with the exception of Defendants Complex Warden, Berry, and Chavez, who are named in their official capacity only.

**Claims** - Plaintiff's First Amended Complaint states the following claims:

1. **Count I Knee Treatment and Bedding** - Plaintiff alleges that (a) Defendants Valeros, Pinkstaff, Medical Director and Schriro showed deliberate indifference by refusing Plaintiff treatment on his knees and legs, (b) Defendants Valeros and Pinkstaff showed deliberate indifference by denying Plaintiff an extra mattress and pillow, and (c) Defendants Schriro, Medical Director, Pinkstaff, and Valeros have failed to make accommodations for Plaintiff's disabilities.

2. **Count II Knee Braces** - Plaintiff alleges that Defendants Complex Warden, Pinkstaff, Berry, Chavez, Gal, and Valeros showed deliberate indifference by taking away Plaintiff's metal knee immoblizers, alleging they were a security risk, and replacing them with less effective plastic braces. Plaintiff alleges that Defendants Complex Warden, Gal, Berry, Chavez, Valeros**,** Schriro, and Pinkstaff have failed to make reasonable accommodations for Plaintiff's disabilities, by failing to provide proper braces.

3. **Count III Wheelchair** - Plaintiff alleges that Defendants Complex Warden, Pinkstaff, Greeley, Gal, McWilliams, Valeros, Medical Director, and Schriro showed deliberate indifference and failed to make reasonable accommodations

---

*for Official English v. Arizona*, 520 U.S. 43, 69 (1997), for purposes of liability under 42 U.S.C. § 1983.

- 5 -

|   |   |   |
|---|---|---|
| | | for Plaintiff's disability by refusing to repair Plaintiff's wheelchair. |
| | 4. | **Count IV Skin Condition** - Plaintiff alleges that Defendants Schriro, Medical Director, Pinkstaff, Greeley, and Valeros showed deliberate indifference by refusing to provide Plaintiff proper treatment for infected hair follicles. |
| | 5. | **Count V Grievance Delays** - Plaintiff alleges that Defendants Schriro, Complex Warden, Medical Director, Pinkstaff, Greeley, McWilliams, Gal, and Berry denied Plaintiff due process when they failed to timely respond to Plaintiff's grievances. |
| | 6. | **Count IV Retaliation** - Plaintiff alleges that Dr. Valeros has retaliated against Plaintiff for filing grievances by refusing treatment of Plaintiff's legs and nerve disorder. |

**ADA Claims** - Although Plaintiff lists the ADA as a basis for his claims in Count IV (Skin Condition), Plaintiff fails to identify either a relevant disability or any failure to make reasonable accommodations. Accordingly, that portion of Count IV must be dismissed.

**Due Process Claims** - Further, although Plaintiff lists due process as a violated right in Counts I, II, III, and IV, Plaintiff does not allege any facts showing a denial of due process with regard to a constitutionally protected liberty or property interest. In Count V, Plaintiff does allege that prison regulations mandate a specific time for a response to grievances. However, "there is no legitimate claim of entitlement to a grievance procedure" which could support the finding of a protect liberty interest. *Mann v. Adams* 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, all of Plaintiff's allegations of a violation of due process, including all of Count V must be dismissed for failure to state a claim.

**Medical Malpractice** - In Counts I, II, and IV, Plaintiff asserts a state law claim of medical malpractice. Under Arizona law, a medical malpractice action lies against a "licensed health care provider." Ariz. Rev. Stat. § 12-561(2). The Arizona definition of "licensed health care provider" extends to licensed institutions and employees and agent supervised by licensed providers. While Plaintiff does not specifically allege that any named Defendant is a "licensed health care provider" except to the extent that it can be inferred that Dr. Valeros

is such, Plaintiff's listing of defendants asserts medical malpractice as a basis of a claim only as against Defendants Medical Director, Greeley, Pinkstaff, and Valeros. The Medical Director, and Defendants Greeley and Pinkstaff who are identified as a "F.H.C.M.II" can be liberally construed to have responsibility under licensed health care providers, if they themselves are not so licensed. Accordingly, responses to the medical malpractice claims should be required from these defendants.

**Fictitiously Named Defendants** - Plaintiff has failed to provide a name for Defendants Medical Director and Complex Warden. The United States Marshal cannot effect service on unknown persons. Accordingly, service on these Defendants should not be ordered until such time as Plaintiff can adequately identify them so as to allow service.

**Relief Sought** - As relief, Plaintiff requests monetary damages, an investigation and filing of criminal charges, and an order permitting Plaintiff to choose all his own doctors. Insofar as Plaintiff seeks an order directing the investigation and filing of criminal charges, that is a matter within the prosecutorial discretion of whatever authorities might be contemplated by Plaintiff.

To the extent that Plaintiff seeks monetary damages against a state official in their official capacity, Plaintiff's claim is barred by the sovereign immunity of the states under the Eleventh Amendment. *See Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir. 1997). Accordingly, those claims must be dismissed as well.

## B.  ANSWERS REQUIRED

Based upon the foregoing, answers should be required of the Defendants as follows:

**Defendant Schriro** - for deliberate indifference in Counts I, III, IV, and failure to make reasonable accommodations under the ADA in Counts I, II, III,

**Defendant Medical Director** - for deliberate indifference in Counts I, III, IV,  failure to make reasonable accommodations under the ADA in Counts I, III, and medical malpractice in Counts I,  and IV

**Defendant Complex Warden** - for deliberate indifference in Count II, III and failure

to make reasonable accommodations under the ADA in Counts II, III

**Defendant Greeley** - for deliberate indifference in Counts III, IV, failure to make reasonable accommodations under the ADA in Count III, and medical malpractice in Count IV,

**Defendant Pinkstaff** - for deliberate indifference in Counts I, II, III, IV, failure to make reasonable accommodations under the ADA in Counts I, II, III, and medical malpractice in Counts I, II and IV,

**Defendant Gal** - for deliberate indifference in Count II, III, and failure to make reasonable accommodations under the ADA in Counts II, III,

**Defendant McWilliams** - for deliberate indifference in Count III, and failure to make reasonable accommodations under the ADA in Counts III,

**Defendant Valeros** - for deliberate indifference in Count I, II, III, IV, failure to make reasonable accommodations under the ADA in Counts I, II, III, and medical malpractice in Counts I, II, and IV,

**Defendant Berry** - for deliberate indifference in Count II, and failure to make reasonable accommodations under the ADA in Counts II,

**Defendant Chavez** - for deliberate indifference in Count II, and failure to make reasonable accommodations under the ADA in Counts II,

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** pursuant to 28 U.S.C. § 1915A, that the following claims of the First Amended Complaint be **DISMISSED, WITHOUT PREJUDICE**:

1. Count V (Delayed Grievance);
2. Count IV (Skin Condition) insofar as it alleges a violation of the ADA;
3. Counts I (Knee Treatment and Bedding), II (Knee Braces), III (Wheelchair) and IV (Skin Condition) insofar as they allege a denial of due process;
4. Counts I (Knee Treatment and Bedding), II (Knee Braces), and IV (Skin Condition) insofar as they allege medical malpractice claims against Defendants other than Defendants Medical Director, Greeley, Pinkstaff, and Valeros.

- 8 -

1. 5. All requests for monetary damages against Defendants in their official capacities.

**IT IS FURTHER RECOMMENDED** that Defendant Valeros, having already appeared herein, be required to respond to the First Amended Complaint within twenty (20) days of the filing of the order directing such response.

**IT IS FURTHER RECOMMENDED** that service on Defendants (1) Dora **Schriro**, Director for the Arizona Department of Corrections (DOC), (2) Gene M. **Greeley**, F.H.C.M. II at the Florence Complex, (3) Gary **Pinkstaff**, ex-F.H.C.M. II at the Florence Complex, (4) Stephan **Gal**, Deputy Warden at the Florence East Unit, (5) **McWilliams**, Ex-Deputy Warden at the Florence East Unit, (6) Dr. Quirino **Valeros**, a Doctor at the Florence East Unit, (7) **Berry**, a correctional officer, and (8) **Chavez**, a correctional officer be ordered, and they be required to respond to the First Amended Complaint by entry of an order that provides as follows:.

(1) The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for said Defendants.

(2) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) The United States Marshal shall retain the Summons, a copy of such amended complaint, and a copy of this Order for future use.

(4) The United States Marshal shall notify said Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, such amended Complaint and this

Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

(b) Within ten days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, such amended complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(5) **Defendants who agree to waive service of the Summons and such amended complaint shall return signed waiver forms to the United State Marshal, and not to Plaintiff.**

(6) Said Defendants shall answer such amended complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual

1 determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo*
2 consideration of the factual issues and will constitute a waiver of a party's right to appellate
3 review of the findings of fact in an order or judgment entered pursuant to the recommendation
4 of the Magistrate Judge.

6 DATED: February 15, 2006 _____
JAY R. IRWIN
7 S:\Drafts\OutBox\05-1422-for RR 06 01 23 re Screen 1st Amend Compl.wpd
United States Magistrate Judge