**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Ira Tannenbaum, | ) No. CV-05-1422-PHX-JAT-JRI |
| Petitioner, | ) **ORDER** |
| v. | ) |
| State of Arizona, et. al., | ) |
| Respondent(s). | ) |

Pending before the Court is United States Magistrate Judge Irwin's Report and Recommendation ("R&R") regarding *pro se* Plaintiff Mark Ira Tannenbaum's First Amended Complaint (doc. 25). The R&R screens the complaint, as required by 28 U.S.C. § 1951A, and provides recommendations to this Court. R&R at 2-10.

The Magistrate Judge advised the parties that they had ten days to file objections to the R&R and that the failure to timely object to any determination of the Magistrate Judge would be considered a waiver of the right to review of such determination. *Id.* at 10; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b) ("The district judge . . . shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made[.]"). The Court has nonetheless reviewed

the R&R and finds that it is well-taken. The Court will accept the R&R in its entirety. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b) (same).

**IT IS ORDERED** Magistrate Judge Irwin's R&R (doc. 25) is **ACCEPTED AND ADOPTED AS THE ORDER OF THIS COURT.**

**IT IS FURTHER ORDERED DISMISSING WITHOUT PREJUDICE** the following claims in the Plaintiff's First Amended Complaint:

1. Count V (delayed grievance).

2. Count IV (skin condition) insofar as it alleges violations of the ADA.

3. Counts I (knee treatment and bedding); II (knee braces); III (wheelchair); and IV (skin condition) insofar as they allege a denial of due process.

4. Counts I (knee treatment and bedding); II (knee braces); and IV (skin condition) insofar as they allege medical malpractice claims against Defendants other than Defendants Medical Director, Greeley, Pinkstaff, and Valeros.

5. Any and all claims or requests for monetary damages against the Defendants in their official capacities.

**IT IS FURTHER ORDERED Defendant Valeros,** for the reasons set forth in the R&R, **shall respond to the First Amended Complaint within twenty (20) days of the date of this Order.**

**IT IS FURTHER ORDERED the Plaintiff shall serve Defendants: (1) Dora Schriro; (2) Gene Greeley; (3) Gary Pinkstaff; (4) Stephen Gal; (5) McWilliams; (6) Dr. Quirino Valeros; (7) Berry; and (8) Chavez.**

1. The Clerk of the Court shall send the Plaintiff a service packet including both summons and request for waiver forms for the above referenced Defendants.

2. The Plaintiff shall complete and return the service packet to the Clerk of the Court within twenty (20) days of the date of the filing of this Order. The United States Marshal will not provide service of process if the Plaintiff fails to comply with this Order.

1    3.    The United States Marshal shall retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

4.    The United States Marshal shall notify the above referenced Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to the Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by the Defendants within thirty (30) days from the date the request for waiver was sent by the Marshal, the Marshal shall: (a) personally serve copies of the Summons, Amended Complaint, and this Order upon the Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; (b) within ten days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, and this Order, as well as the costs for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise Ordered by the Court,

5.    Defendants who agree to waive service of the Summons and Amended Complaint shall return signed waiver forms to the United States Marshal, and not to the Plaintiff.

///

1       6.    The above referenced Defendants shall answer the Amended Complaint or otherwise respond by appropriate motion withing the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

      7.    Any answer or responsive pleading shall state the name of the specific Defendant or Defendants on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not comply with this provision.

DATED this 22nd day of May, 2006.

_____
James A. Teilborg
United States District Judge